

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

---

*Brien McMahon Federal Building*　　　*(203) 696-3000*
*915 Lafayette Boulevard, Room 309*　　*Fax (203) 579-5575*
*Bridgeport, Connecticut  06604*　　　*www.usdoj.gov/usao/ct*

May 5, 2008

Richard S. Cramer, Esq.
250 Hudson Street
Hartford, CT 06103

      Re:   **United States v. Carlos Green, aka Patrick Green**
            **Criminal No. 3:00CR101(AWT)**

Dear Mr. Cramer:

     This letter confirms the plea agreement entered into between your client, Carlos Green, aka Patrick Green, (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

     Defendant agrees to waive the statute of limitations and indictment and to plead guilty to a one-count information charging him with use of a telephone to facilitate a narcotics felony, in violation of 21 U.S.C. § 843(b).

     Defendant understands that to be guilty of the offense charged in the information, the following elements must be satisfied:

          1.    That on or about the date recited in the information, the defendant used a telephone; and

          2.    That the defendant did so knowingly and intentionally to facilitate a narcotics trafficking offense.

     If the plea is accepted by the Court, the Government will move the Court to dismiss the original indictment at the time of sentencing.

## THE PENALTIES

     The offense carries a maximum penalty of 4 years of incarceration and a fine of up to $250,000.  Moreover, any sentence of incarceration under this provision may also include a term

of supervised release of up to one year, to begin at the expiration of any term of imprisonment imposed. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment equal to the period of the supervised release with no credit for the time already spent on supervised release, which may be up to 1 year.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (2) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h), (i) and § 3612(g).

## THE SENTENCING GUIDELINES

      i.      Applicability

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. 220 (2005). The defendant expressly understands and agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated.

      ii      Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's Adjusted Offense Level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition by submitting a complete and truthful financial statement. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his

*Richard S. Cramer, Esq.*
*May 5, 2008*
*Page 3*

involvement in the offense to which he is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction, unless it accepts this agreement.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of any release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw his plea of guilty. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

   iii   <u>Stipulation</u>

Pursuant to section 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation as follows: that the Guidelines equivalent of less than 250 grams of marijuana was reasonably foreseeable to the defendant as a result of his participation in the conduct charged in the information, and is the quantity commensurate with his criminal activity which forms the basis of the violation charged in the information and the relevant conduct of the defendant. U.S.S.G. § 1B1.3, app. note 1. The parties understand and agree that the stipulation regarding defendant's offense level is based on information known to the Government from sources other than any debriefing of the defendant. The defendant expressly understands that this stipulation and agreement are not binding on the Court unless this plea agreement is accepted by the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

The defendant expressly understands that the Court is not bound by this agreement unless it accepts this agreement. The defendant further expressly understands that he will not be permitted to withdraw the plea of guilty if the Court accepts this agreement.

   iv.   <u>Guideline Stipulation and Sentencing Agreement</u>

The Government and the defendant stipulate the defendant's applicable Sentencing Guidelines to be at a range of 0 to 6 months of imprisonment and a fine range of $ 500 to $5,000. The defendant's base offense level is calculated as 6. Two levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, for a total offense level of 4. A total offense level 4 with a criminal history category III, which the parties calculate the defendant to be, subject to the investigation to be conducted by the Office of Probation, results in a range of 0 to 6 months of imprisonment (sentencing table) and a fine range of $500 to $5,000 (U.S.S.G. § 5E1.2(c)(3)).

Pursuant to F.R.Crim.P 11(c)(1)(C) and subject to acceptance of this agreement by the

Court, the parties agree that an appropriate disposition of the case would be for the Court to sentence the defendant to time served, impose a one-year term of supervised release, waive any fine, and impose a $100 special assessment. The parties agree that neither a downward nor an upward departure from the sentencing range set forth in the paragraphs above is warranted and that a sentence within the agreed range is reasonable.  Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein.  Nor will either party suggest that the Probation Department consider such a departure or adjustment, or suggest that the Court *sua sponte* consider such a departure or adjustment.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline and fine ranges specified above, unless it accepts this agreement.  The defendant further expressly understands that he will not be permitted to withdraw the plea of guilty if the Court accepts this agreement.

In the event the Court does not accept this agreement, the defendant may refrain from entering a guilty plea or may withdraw his plea if such a plea has been entered.

   v.  Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case.  Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

  Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned.  The defendant expressly acknowledges that he is knowingly and intelligently waiving his right to be indicted.

  Waiver of Statute of Limitations

The defendant understands that he has a right to be charged with the offense alleged in the information within five years of its occurrence under 18 U.S.C. § 3282(a), and that the offense alleged in the information occurred more than five years ago and prosecution is therefore barred by the statute of limitations.  Nonetheless, the defendant waives the statute of limitations as to the offense alleged in the information, and acknowledges that he is doing so knowingly, intelligently and upon the advice of counsel.

Richard S. Cramer, Esq.
May 5, 2008
Page 5

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### ACKNOWLEDGEMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant expressly acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

### SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters

Richard S. Cramer, Esq.
May 5, 2008
Page 6

are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been
reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862 and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. The defendant also understands that he will be subject to deportation following the proceedings in this case in the District Court. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conduct which forms the basis of the information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

*Richard S. Cramer, Esq.*
*May 5, 2008*
*Page 7*

    This letter shall be presented to the Court, in open court, and filed in this case.

    Very truly yours,

    NORA R. DANNEHY
    ACTING UNITED STATES ATTORNEY


    H. GORDON HALL
    ASSISTANT UNITED STATES ATTORNEY


    The defendant certifies that he has read this plea agreement letter, that he has had ample time to discuss this agreement with counsel, and that he fully understands and accepts its terms.

_____     _____

PATRICK GREEN                                                  Date
The Defendant


    I have thoroughly read, reviewed and explained this plea agreement to my client who advises me that he understands and accepts its terms.

_____     _____

RICHARD S. CRAMER, ESQ.                              Date
Attorney for the Defendant